# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 10, 2003

## STATE OF TENNESSEE v. THOMAS G. LAMPLEY, JR.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-A-220     Cheryl Blackburn, Judge**

---

### No. M2003-00531-CCA-R3-CD - Filed January 27, 2004

---

The Defendant, Thomas G. Lampley, Jr., was convicted of aggravated burglary, a Class C felony. After determining the Defendant to be a Range III, persistent offender, the trial court sentenced him to twelve years in the Department of Correction, consecutive to an prior sentence. The Defendant now appeals, alleging that his sentence for the instant crime should be ten years. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Jay Norman, Nashville, Tennessee, for the appellant, Thomas G. Lampley.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Robert McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A jury convicted the Defendant of aggravated burglary, a Class C felony. See Tenn. Code Ann. § 39-14-403(b). At the sentencing hearing, the trial judge determined the Defendant to be a Range III, persistent offender, see id. § 40-35-107(c), a classification the Defendant does not challenge. As such, the Defendant was subject to a sentencing range of ten to fifteen years. See id. § 40-35-112(c)(3). The trial judge further determined that three enhancement factors were applicable to the Defendant's sentence: (1) the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, (2) the Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, and (3) the Defendant committed the instant offense while on bail. See id. § 40-35-114(2), (9), (14)(A). The trial court also applied two mitigating factors: (1) the Defendant's conduct in committing the instant offense neither caused nor threatened serious bodily injury, and

(2) the Defendant was suffering from a mental or physical condition that significantly reduced his culpability for the instant offense. See id. § 40-35-113(1), (8). On the basis of these factors, the trial judge sentenced the Defendant to twelve years of incarceration, consecutive to a previous five-year sentence.

The Defendant does not challenge the trial court's application of the enhancement or mitigating factors. Neither does he challenge the trial court's order that the instant sentence be served consecutively to the previous sentence. Rather, he contends that the trial court should have sentenced him to the minimum Range III term of ten years. The Defendant argues that ten years - but not twelve years - satisfies our statutory requirement that his sentence "be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. § 40-35-103(4).

Before a trial court imposes sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable and we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

The simple facts are that the Defendant broke into his neighbor's house and stole a television set and some money. The forty-six-year-old Defendant has a lengthy history of drug abuse and drug-

related criminal convictions dating back to 1978. He has at least nine felony convictions, including one for aggravated assault.

The Defendant has failed to carry his burden of demonstrating that his sentence is improper. The presumptive sentence for a Class C felony is the minimum in the range. See Tenn. Code Ann. § 40-35-210(c). Where there are both enhancement and mitigating factors, the trial court must start with the presumptive sentence and increase the sentence on the basis of the enhancement factors, and then decrease the sentence on the basis of the mitigating factors. See id. § 40-35-210(e). Here, the trial court increased the minimum sentence on the basis of three enhancement factors, and then reduced the sentence on the basis of two mitigating factors. In doing so, the trial court arrived at a mid-range sentence of twelve years where the minimum is ten years and the maximum is fifteen years. Given the seriousness of the enhancement factors applicable in this case, and the Defendant's demonstrated inability to refrain from continuing to commit criminal offenses, we see no error in the imposition of a twelve-year sentence. We reiterate that the weight to be afforded specific enhancement and mitigating factors is left to the trial court's discretion, so long as the trial court complies with the purposes and principles of the 1989 Sentencing Act, and its findings are supported by the record. See State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). We see no error nor any abuse of discretion by the trial court in sentencing the Defendant.

The Defendant's allegations are without merit. We affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE